NELS D. SANDAHL v. GEORGE A. LAMMERS and Another.[1]

January 3, 1902.

Nos. 12,799—(153).

Identification—Finding of Jury.

In a personal injury case the plaintiff's right to recover was made to depend upon a sufficient identification of a piece of iron as the ring which broke and caused the injury. Held, that the identification was sufficient to sustain an affirmative special finding of the jury on that question.

Action in the district court for Washington county to recover $10,150 for personal injuries. The case was tried before Williston,

[1] Reported in 88 N. W. 532.

J., and a jury, which rendered a verdict in favor of plaintiff for $4,228. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*Trafford N. Jayne,* for appellants.

*Ludvig Arctander* and *J. C. Nethaway,* for respondent.

COLLINS, J.

This action was brought to recover damages for personal injuries sustained by the plaintiff while in the employ of defendants, who were lumbermen, and at this particular time he was engaged with other employees in moving logs from a skidway to a landing. He was driving a team of horses, and operating what is known as a "spreader rig," a device something like a pair of whiffletrees, and used to assist in the starting of heavily-loaded sleds. When the plaintiff started his team, just before the accident, an iron ring upon the left end of one of the double spreader sticks, so called, broke, causing the stick to fly back. It struck the plaintiff upon the thigh, and injured him quite severely. This ring had been broken two days before this accident, had then been repaired at defendants' blacksmith shop, and the contention was that it had been defectively welded. This was the negligence relied on at the trial, at which there was produced a piece of an iron rod three-eights of an inch in diameter, about four inches in length, which had been pulled or twisted out of the form into which it had been shaped, so that it resembled a hook, and it was contended that this was a part of the ring. It had been welded and then broken. This piece of iron had been found by the plaintiff, seven months after the accident, within a few feet of where he had been knocked down by the spreader stick. No search was made for the broken ring at the time of the injury. The actual controversy at the trial was made to depend upon an identification of this piece of iron as a part of the ring in question. It must be admitted that, if this was a part of the ring, it was defectively welded by the blacksmith in defendants' employ, for the fact was obvious on inspection; and further, that, if the accident was caused by reason of this defect, the defendants' negligence would be a question for the jury. This controversy over the identification was so prominent that the

court charged the jury that, if they found that this piece of iron was not part of the ring, the verdict must be for defendants. No objection was made to this part of the charge by either party.

There are a number of questions presented by the assignments of error, but none need consideration except that which challenges the sufficiency of the evidence to sustain an affirmative special finding of the jury that the piece of iron was a part of the ring. Therefore, if the testimony tended to identify the ring, it made a case for the jury on this question, and the verdict must be upheld, and the order appealed from denying defendants' motion for a new trial will have to be affirmed.

We have made a very careful examination of the testimony, all of which appears in the paper book, and there has been much discussion over its probative force and sufficiency. A majority of the court are of the opinion that it was of such a character and weight as to make the identification of the ring one properly to be determined by the jury. A minority—Justice LEWIS and the writer—are very decidedly of the opinion that it was wholly insufficient, and that the piece of iron was not identified with such certainty as to justify the special finding in the affirmative. From this it will be seen that any discussion of the testimony, or a statement of the reasons which influence the majority or the minority, resulting in this marked diversity of opinion, would be utterly useless. This being the situation, time would be wasted should it be consumed in further writing.

The order appealed from stands affirmed.